UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ROBERT L. WEGMAN,

                Petitioner,

      v.                                     **DECISION AND ORDER**
                                         04-CV-312 S

CALVIN E. WEST,

                Respondent.

## I. INTRODUCTION

In this action, Robert L. Wegman ("Petitioner") brings a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner is currently serving a 20-year sentence following his conviction in Steuben County Court for attempted murder in the second degree, kidnaping in the second degree, burglary in the second degree, assault in the second degree, and criminal use of a firearm in the first degree.  Petitioner contends that this Court should grant his habeas petition for the following reasons: (1) the trial court erred in accepting his waiver of a jury trial; (2) the evidence at trial was insufficient to support his conviction; (3) counsel was ineffective; (4) the trial was unfair due to judicial misconduct; (5) the trial was unfair due to prosecutorial misconduct; (6) the sentence was harsh and excessive; and (7) the trial court committed various evidentiary and procedural errors.  For the following reasons, Petitioner's petition for a writ of habeas corpus is denied.

## II. BACKGROUND

**A.    Factual History**

In early 2000, Petitioner was staying with his ex-wife, Jeannette Wood, who had agreed to let Petitioner stay at her house for two-months. (Trial Tr., pp. 136-37). On May 12, 2000, Wood asked Petitioner to leave her house and Petitioner refused. (Trial Tr., pp. 136-37). Wood called the police, Petitioner was arrested, and Wood obtained an order of protection against Petitioner. (Trial Tr., pp. 136-37).

The next day, May 13, 2000, Wood, her roommate Barbara Causer, and Harold Neally, with whom Wood was having a relationship, returned to Wood's house after work around 5:00 p.m. (Trial Tr., pp. 55-56, 139). While the group was sitting at a table, Petitioner came downstairs carrying a handgun. (Trial Tr., pp. 63, 141). Petitioner was very angry and was talking about "taking care of" Wood, Causer, and himself. (Trial Tr., pp. 65-69, 141-43, 218). Petitioner sat down, kept his gun pointed at Wood, Neally, and Causer, and refused to let the three leave. (Trial Tr., pp. 64, 144). Petitioner talked about killing Wood, Neally, Causer, and himself. (Trial Tr., pp. 69, 145).

After about 45 minutes, Petitioner fired three shots, two at Neally and one at Wood, hitting Neally twice. (Trial Tr., pp. 65-66, 141-44, 218). Wood and Neally attacked Petitioner and got the gun away from him. (Trial Tr., pp. 71-72, 152-53). The three victims called the police and left the house. (Trial Tr., pp. 152, 220-25). After the police arrived, Petitioner came out of the house without a struggle. (Trial Tr., pp. 389-90). Police found a .38 caliber handgun inside the house, and six live .38 caliber rounds in Petitioner's pockets. (Trial Tr., pp. 345, 351-52).

Petitioner was charged with one count of attempted murder in the second degree, three counts of kidnaping in the second degree, three counts of burglary in the second degree, one count of assault in the second degree, and two counts of criminal use of a firearm in the first degree.

On the day Petitioner's trial was scheduled to begin, Petitioner's counsel informed the trial court that Petitioner wished to waive the right to a jury trial and proceed with a bench trial. (Trial Tr., pp. 6-12). The trial court asked Petitioner a series of questions and Petitioner responded that he understood the waiver, that he had discussed it with his attorney, and that the waiver was not coerced or forced in any way. (Trial Tr., pp. 6-12).

After accepting the waiver, the court granted Petitioner a continuance to call a psychiatric witness, Dr. David Barry, to testify about Petitioner's mental condition and the effect of intoxication and certain medications Petitioner was taking. (Trial Tr., pp. 13-16).

Following the trial—in which Petitioner did testify—the Court convicted Petitioner on all counts. (Trial Tr., pp. 353-55). Petitioner was sentenced to concurrent terms of 20 years on the attempted murder count and each of the kidnaping counts; 10 years on each of the burglary counts; 5 years on the assault count; and 5 years on each of the firearms counts. (Sentencing Tr., pp. 17-18).

## B.    Procedural History

Petitioner appealed his conviction to the Appellate Division, Fourth Department of the New York State Supreme Court. (Exhibits L and M to Respondent's Declaration in Opposition to the Petition). The Appellate Division reversed Petitioner's conviction as to one count of criminal use of a firearm, but otherwise affirmed his conviction. People v. Wegman, 2 A.D.3d 1333 (4th Dept. 2003). Petitioner subsequently requested and was

3

denied leave to appeal to the Court of Appeals.  (Exhibit Q to Respondent's Declaration in Opposition to the Petition).

Petitioner filed the present Petition for a writ of habeas corpus on April 21, 2004. (Docket No. 1).  Respondent filed a memorandum in opposition to the petition on September 23, 2004.  (Docket Nos. 10).  Petitioner filed a reply on October 29, 2004. (Docket No. 11).

## III. DISCUSSION

### A.    Habeas Corpus Standard

The Antiterrorism and Effective Death Penalty Act (AEDPA), as codified at 28 U.S.C. § 2245, governs the procedure by which a federal court may review a state conviction on a habeas corpus petition.   Under AEDPA, federal courts must give substantial deference to a state court determination that has adjudicated a federal constitutional claim "on the merits."  28 U.S.C. § 2254(d); Sellan v. Kuhlman, 261 F.3d 303, 309-10 (2d Cir. 2001).

Specifically, AEDPA provides that where a state court has adjudicated the merits of a petitioner's federal claim, habeas corpus relief may be granted only if the state court's adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

AEDPA provides that findings of fact made by state trial and appellate courts are entitled to a "presumption of correctness," and further, requires that a Petitioner rebut that presumption by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Galarza v. Keane, 252 F.3d 630, 635 (2d Cir.2001).

In Williams v. Taylor, 529 U.S. 362, 413 (2000), the Supreme Court defined the phrases "contrary to" and "unreasonable application of" clearly established federal law. A state court decision is "contrary to clearly established federal law . . . if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Court] has on a set of materially indistinguishable facts." Id. A state court decision involves "an unreasonable application of" Supreme Court case law if it "identifies the correct governing legal principle from [the Court's] decisions but unreasonably applies that principle to the particular facts of [a] prisoner's case." Id.

Under this standard, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411. In order to grant the writ there must be "some increment of incorrectness beyond error," although "the increment need not be great; otherwise, habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence." Francis S. v. Stone, 221 F.3d 100, 111 (2d Cir. 2000) (internal quotation marks omitted).

**B.      Petitioner's Claims**

As a preliminary matter, this Court finds that Petitioner has exhausted his remedies in state court for the claims set forth in his habeas petition.  Petitioner raised his current habeas claims in federal constitutional terms on direct appeal to the Appellate Division of the New York State Supreme Court, either by citing to Supreme Court cases, or by using language which would "call to mind a specific right protected by the Constitution."  Daye v. Attorney General, 696 F.2d 186, 194 (2d Cir. 1982).  Petitioner then unsuccessfully sought leave to appeal to the New York State Court of Appeals. Petitioner has therefore exhausted his remedies in state court for his current habeas claims.

**1.      Waiver of Trial by Jury**

Petitioner contends that the trial court erred in accepting his waiver of the right to trial by jury because he did not fully understand the waiver, and because the trial court "coerced" the waiver by conditioning a requested adjournment to call a defense witness on Petitioner waiving his right to a jury trial.

This Court finds that Petitioner's claims are procedurally barred by an adequate and independent state procedural ground.  On his direct appeal to the Appellate Division, Petitioner raised this same argument concerning the waiver of his right to a jury trial.  The Appellate Division, the highest state court to rule on Petitioner's claim, found that he had failed to preserve this contention for review.  Wegman, 2 A.D.3d at 1334; see also N.Y. Crim. P. Law § 470.05(2) (setting forth New York's contemporaneous objection requirement).  Federal habeas review is barred where a state court has declined to address a petitioner's federal claims because he had failed to comply with a state

procedural requirement.  Coleman v. Thompson, 501 U.S. 722, 729-30, 111 S.Ct. 2546, 2554, 115 L. Ed. 2d 640 (1991).  The Second Circuit has recognized that a federal court may not consider the merits of a constitutional claim on habeas corpus review where a petitioner failed to preserve his claim by making a contemporaneous objection before the trial court.  Garcia v. Lewis, 188 F.3d 71, 78-79 (2d Cir. 1999).  Accordingly, because the Appellate Division found that Petitioner failed to preserve his claims concerning the jury trial waiver, Petitioner's habeas claim on this ground must be denied.

Petitioner attempts to excuse his procedural default concerning the jury trial waiver by arguing that his waiver was not knowing and voluntary because he did not discuss it with his attorney, and because the trial court coerced the waiver in exchange for an adjournment to call a defense witness.  This Court finds, however, that Petitioner's claims are contradicted by the record, and therefore do not excuse his procedural default on the claim that the trial court erred in accepting his jury trial waiver.  Prior to executing the waiver of his right to a jury trial, Petitioner responded to the trial court's inquiry that (1) he had sufficient time to discuss the matter with his attorney; (2) his attorney had explained the waiver and answered all of his questions; (3) he did not have any further questions for his attorney; and (4) his waiver had not been coerced or forced in any way.  (Trial Tr., pp. 6-12).  Because there is no support in the record for Petitioner's claims that his jury trial waiver was unknowing, involuntary, and coerced, this Court cannot excuse his procedural default.  See e.g. Rhagi v. Artuz, 309 F.3d 103, 106 (2d Cir. 2002)  (holding that "[a]bsent a showing of cause and prejudice, it is settled law that an independent and adequate state law ground for a state court conviction cannot be disturbed on habeas").

This Court finds that Petitioner's habeas claim that the trial court erred in accepting

his jury trial waiver is procedurally barred by an adequate and independent state law ground, and further, that Petitioner has failed to show cause for the default or that the default resulted in a fundamental miscarriage of justice.  Accordingly, Petitioner's habeas claim that the trial court erred in accepting his jury trial waiver is denied.

### 2.        Sufficiency of the Evidence

Petitioner further contends, as he did on his direct appeal, that the evidence was insufficient to support the verdict.  The Appellate Division rejected Petitioner's claim of insufficient evidence on the merits.  Wegman, 2 A.D.3d at 1335.  Because the Appellate Division adjudicated this argument on the merits, Petitioner may obtain habeas relief only if the Appellate Division's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1).

A petitioner is entitled to habeas corpus relief "if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt."  Jackson v. Virginia, 443 U.S. 307, 324, 99 S.Ct. 2781, 2791-92, 61 L. Ed. 2d 560 (1979).  The Second Circuit has explained that when reviewing a sufficiency of the evidence argument in the context of a habeas petition, the court "must consider whether, as a matter of federal law, there was sufficient evidence for a jury to find that the prosecution proved the substantive elements of the crime as defined by state law.  Einaugler v. Supreme Court of State of N.Y., 109 F.3d 836, 839-40 (2d Cir. 1997).  Additionally, "[i]n evaluating whether the evidence is sufficient [the court] must 'view the evidence in the light most favorable to the prosecution.'"  Id. (quoting Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789 (1979)).  Finally, the Second Circuit has noted that

8

a petitioner challenging the sufficiency of the evidence "bears a very heavy burden." Einaugler, 109 F.3d at 840 (quoting Quirama v. Michele, 983 F.2d 12, 14 (2d Cir. 1993)).

Under New York law, to support Petitioner's conviction of Attempted Murder in the Second Degree, the prosecution had to prove that Petitioner acted with the intent to cause the death of another person, and engaged in conduct which tended to effect the commission of such crime.  New York Penal Law §§ 110.00, 125.25(1).  The evidence at trial showed that Petitioner—after threatening to kill Wood, Neally, and Causer—shot Neally twice at close range.  (Trial Tr., pp. 64-76).  Considering the testimony of Neally, Causer, and Wood, the Appellate Division's determination that the verdict was supported by sufficient evidence was neither contrary to, nor an unreasonable application of federal law.  Accordingly, this Court must deny Petitioner's habeas claim that his conviction for Attempted Murder in the Second Degree was not supported by sufficient evidence.

As to Petitioner's conviction of three separate counts of burglary in the first degree, the prosecution had to prove that Petitioner entered or remained unlawfully in a dwelling with intent to commit a crime therein, and that while in the dwelling Petitioner (1) was armed with a deadly weapon, (2) caused physical injury, or (3) displayed what appeared to be a pistol or revolver.  New York Penal Law § 140.30(1), (2), (4).  The evidence at trial showed (1) that Petitioner had been barred from entering Wood's home under an order of protection; (2) that he unlawfully entered and remained in Wood's home; (3) that he was armed with a handgun while in Wood's home; and (4) that he shot Neally twice when Neally, Causer, and Wood returned from work.  (Trial Tr., pp. 136-59).  Considering the testimony of Neally, Causer, and Wood, the Appellate Division's determination that the verdict was supported by sufficient evidence was neither contrary to, nor an unreasonable

9

application of federal law.  Accordingly, this Court must deny Petitioner's habeas claim that his conviction on three counts of burglary in the first degree was not supported by sufficient evidence.

As to Petitioner's conviction of three separate counts of kidnaping in the second degree—one count for each victim—the prosecution had to prove that Petitioner abducted another person by the using or threatening to use deadly physical force.  New York Penal Law §§ 135.00, 135.20.  The evidence at trial showed that Petitioner held the three victims at gunpoint for an extended period of time.  (Trial Tr., pp. 78-82, 144-50, 218-24).  Considering the testimony of Neally, Wood, and Causer, the Appellate Division's determination that the verdict was supported by sufficient evidence was neither contrary to, nor an unreasonable application of federal law.  Accordingly, this Court must deny Petitioner's habeas claim that his conviction for three counts of kidnaping in the second degree was not supported by sufficient evidence.

Petitioner's conviction on the remaining charges—assault in the second degree and criminal use of a firearm in the first degree—was also supported by sufficient evidence. The prosecution proved the elements of assault in the second degree by showing that Petitioner, with the intent to cause physical injury, caused such injury to Neally by the use of a deadly weapon.  (Trial Tr., pp. 64-76; New York Penal Law §§ 120.05(2)).  The prosecution proved the elements of criminal use of a firearm in the first degree by showing that petitioner committed a class B felony offense while in possession of a deadly weapon. (Trial Tr., pp. 64-76; New York Penal Law § 265.09(1)(a)).  Accordingly, because the Appellate Division's determination that Petitioner's convictions for these remaining counts was neither contrary to, nor an unreasonable application of federal law, this Court must

10

deny Petitioner's habeas claims that the proof was not sufficient to support the conviction.

In considering Petitioner's claims that the evidence at trial was insufficient to support the verdict on each count, the Appellate Division did not contradict or unreasonably apply federal law.  This Court must therefore deny Petitioner's habeas claim as to the sufficiency of the evidence.

### 3.    Effective Assistance of Counsel

Petitioner contends, as he did on his direct appeal, that he was denied effective assistance of trial counsel.  The Appellate Division rejected Petitioner's claim of ineffective assistance on the merits.  Wegman, 2 A.D.3d at 1336.  Accordingly, Petitioner may obtain habeas relief only if the Appellate Division's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1).

To prove a claim of ineffective assistance of trial counsel, Petitioner must show that: (1) his lawyer's performance fell below an objective standard of reasonableness; and (2) but for the errors of his lawyer, the result of his trial would have been different.  Strickland v. Washington, 466 U.S. 668, 687-89 (1984).  This is a formidable standard in that it permits a wide range and variety of acceptable approaches for defending a criminal case, and carries with it a strong presumption that the challenged attorney conduct was reasonable.  Id. at 689.  As the Second Circuit has noted, "[t]he Strickland standard is rigorous, and the great majority of habeas petitions that allege constitutionally ineffective counsel founder on that standard."  Lindstadt v. Keane, 239 F.3d 191, 199 (2d Cir. 2001).

> To determine whether a counsel's conduct is deficient, "the court must . . . determine whether, in light of all the circumstances, the identified acts or omissions were outside

the range of professionally competent assistance."  In gauging the deficiency, the court must be "highly deferential," must "consider[ ] all the circumstances," must make "every effort . . . to eliminate the distorting effects of hindsight," and must operate with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ."

Id. at 198-99 (quoting Strickland, 466 U.S. at 688-90);  Luciano, 158 F.3d at 660 (petitioner

must demonstrate that there was no tactical justification for the course taken by counsel).

As for prejudice resulting from inadequate counsel:

An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment.  To merit habeas relief, the defendant must show that the deficient performance prejudiced the defense.  The level of prejudice the defendant need demonstrate lies between prejudice that had some conceivable effect and prejudice that more likely than not altered the outcome in the case.  Thus the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  The Court defined reasonable probability as one that undermines confidence in the outcome.

Lindstadt, 239 at 204 (alterations in original, internal citations and quotation marks

omitted).

The focus of the habeas court's inquiry should be on the fundamental fairness of

the trial and whether, despite the strong presumption of reliability, the result is unreliable

because of a breakdown of the adversarial process.  Strickland, 466 U.S. at 696.  This

Court need not address both prongs of the ineffective assistance inquiry "if the defendant

makes an insufficient showing on one."  Id. at 697.

Petitioner advances multiple grounds for his ineffective assistance claim: (1) that

defense counsel failed to adequately advise him on his waiver of a jury trial; (2) that

defense counsel failed to object to prosecutorial misconduct; (3) that defense counsel failed to investigate certain witnesses named by Petitioner; (4) that defense counsel failed to meet with Petitioner to prepare him for trial; (5) that defense counsel failed to inspect and examine the evidence; (6) that defense counsel failed to object to defects in the indictment; and (7) that defense counsel failed to secure sworn statements of the victims.

Petitioner's claim that defense counsel failed to advise Petitioner concerning the waiver of a jury trial is directly contradicted by Petitioner's answers to the trial court's inquiry prior to executing the waiver.  As discussed above, Petitioner stated that he had sufficient time to discuss the matter with his attorney, that his attorney had explained the waiver and answered all of his questions, and that he did not have any further questions for his attorney.  Furthermore, Petitioner's decision to have a bench trial was reasonable considering his legal defense to the burglary charges that he was not in Wood's house unlawfully.  Accordingly, this Court finds that the Appellate Division's decision denying Petitioner's ineffective assistance claim was neither contrary to, nor an unreasonable application of federal law.

Petitioner next claims that counsel was ineffective for failing to object to prosecutorial misconduct. This Court finds that even if there was prosecutorial misconduct, there is no indication that the result of Petitioner's trial would have been different had defense counsel objected.  See Strickland, 466 U.S. at 687-89 (holding that a habeas petitioner must demonstrate that the result of his trial would have been different, but for the errors of his attorney).  This Court finds, rather, that any mistake by counsel in failing to object was harmless error, and did not amount to ineffective assistance.  See Brinkley v. Lefevre, 621 F.2d 45, 47 (2d Cir. 1980).  Accordingly, the Appellate Division's decision

13

denying Petitioner's ineffective assistance claim was neither contrary to, nor an unreasonable application of federal law.

Petitioner's claim that counsel was ineffective for failure to object to "defects" in the indictment must be denied as Petitioner has failed to demonstrate that the indictment was defective. (Pet. Mem. at 11).  Petitioner's claims that counsel was ineffective for failing to call certain witnesses must be denied because Petitioner has not shown that the testimony of these witnesses would have been relevant to his case or admissible at trial, or that this testimony would have changed the outcome of the case. (Pet Mem. at 10-11).  Petitioner's remaining claims that counsel failed to prepare him for trial, examine the evidence, and obtain the sworn statements of the victims, must be denied largely because Petitioner has failed to show specific errors by counsel.  Where petitioner has alleged specific errors, his contentions are contradicted by the record, from which it is apparent  that defense counsel was prepared for trial and effectively represented the Defendant.  Furthermore, Defendant has failed to show that the outcome of the trial would have been different but for these alleged errors by defense counsel.  Accordingly, this Court finds that the Appellate Division's decision denying Petitioner's remaining ineffective assistance claims was neither contrary to, nor an unreasonable application of federal law.

Viewing Petitioner's claims of ineffective assistance as a whole, this Court finds that the Appellate Division's decision was neither contrary to, nor an unreasonable application of federal law.  This Court must therefore deny Petitioner's habeas claim that he was denied the effective assistance of counsel.

**4.      Judicial Misconduct**

Petitioner contends, as he did on his direct appeal, that he was denied a fair trial by the trial court itself, which he claims "lost control of the proceedings," failed to rule on objections, and disregarded the facts.   (Pet. Mem. at 13-14).   Although the Appellate Division did not specifically address Petitioner's claim that the trial court denied him a fair trial, it stated that it had "reviewed [Petitioner's] remaining contentions, including those contained in the pro se supplemental brief, and conclude[d] that they [were] without merit." Wegman, 2 A.D.3d at 1336.  For the purposes of this Court's federal habeas analysis, the Appellate Division's holding constitutes a ruling on the merits.   See Brown v. Artuz, 283 F.3d 492, 498 (2d Cir. 2002).   Therefore, to prevail on his habeas claim, Petitioner must show that the Appellate Division's decision was either contrary to, or an unreasonable application of federal law.

"Under the Fifth and Fourteenth Amendments, criminal prosecutions must be conducted within the bounds of fundamental fairness."  Daye v. Attorney General of State of New York, 712 F.2d 1566, 1570 (2d Cir. 1983).  "While defendants are entitled to a fair trial, however, they are not entitled to a perfect one. Only judicial misconduct that renders the trial so fundamentally unfair as to violate federal due process under the Constitution requires habeas relief."  Fauntleroy v. Artuz, 2003 WL 22670906 at *6 (E.D.N.Y., October 31, 2003); see also Gayle v. Scully, 779 F.2d 802, 806 (2d Cir.1985); United States v. Robinson, 635 F.2d 981, 984 (2d Cir.1980).

This Court finds that Petitioner's contention that he was denied a fair trial by judicial misconduct is not supported by the record, and that there is no indication that the trial was so fundamentally unfair as to deprive Petitioner of his right to Due Process.  This Court

further finds that the Appellate Division's decision denying Petitioner's claim of judicial misconduct was neither contrary to, nor an unreasonable application of federal law. Accordingly, this Court must deny Petitioner's habeas claim that he was denied a fair trial by judicial misconduct.

### 5.    Prosecutorial Misconduct

Petitioner contends, as he did on his direct appeal, that he was denied a fair trial by prosecutorial misconduct. (Pet. Mem. at 19). Petitioner claims that the prosecutor misled him into waiving his right to a jury trial, withheld Brady material, attempted to shift the burden of proof, made untrue statements at trial, and allowed the false testimony of prosecution witnesses to go uncorrected at trial. (Pet. Mem. at 20).

Although the Appellate Division did not specifically address Petitioner's claims of prosecutorial misconduct, it stated that it had "reviewed [Petitioner's] remaining contentions, including those contained in the pro se supplemental brief, and conclude[d] that they [were] without merit." Wegman, 2 A.D.3d at 1336. The Appellate Division's holding constitutes a ruling on the merits. See Brown v. Artuz, 283 F.3d 492, 498 (2d Cir. 2002). Therefore, to prevail on his habeas claim, Petitioner must show that the Appellate Division's decision was either contrary to, or an unreasonable application of federal law.

"[P]rosecutorial misconduct cannot give rise to a constitutional claim unless the prosecutor's acts constitute 'egregious misconduct.'" Miranda v. Bennett, 322 F.3d 171, 180 (2d Cir. 2003) (quoting Donnelly v. DeChristoforo, 416 U.S. 637, 647-48, 94 S.Ct. 1868, 40 L. Ed. 2d 431 (1974)). A court must review allegations of prosecutorial misconduct "in the context of the entire trial." Miranda v. Bennett, 322 F.3d at 180. However, "[t]he appropriate standard of review for a claim of prosecutorial misconduct on

a writ of habeas corpus is 'the narrow one of due process, and not the broad exercise of supervisory power.'"   Floyd v. Meachum, 907 F.2d 347, 353 (2d Cir. 1990) (quoting Darden v. Wainwright, 477 U.S. 168, 181, 106 S.Ct. 2464, 2471, 91 L. Ed. 2d 144 (1986)). Prosecutorial misconduct warrants a reversal only when the effect is "so prejudicial that [it] render[s] the trial in question fundamentally unfair."   Id. (quoting Garofolo v. Coomb, 804 F.2d 201, 206 (2d Cir.1986)).

Petitioner alleges that the prosecutor misled him into waiving his right to a jury trial; withheld Brady material; attempted to shift the burden of proof to the defense; attempted to introduce untrue facts; acted as his own medical expert in cross-examining a defense witness; and allowed the false testimony of prosecution witnesses to go to the jury.  (Pet. Mem. at 19-20).  This Court finds that Petitioner's allegations are not supported by the trial record.  There is no indication the prosecutor withheld Brady material, introduced untrue facts or perjured testimony, or acted as his own medical expert witness as Petitioner alleges.  This Court further finds that Petitioner's remaining allegations of misconduct are not so egregious as to constitute a violation of Due Process or deprive Petitioner of the right to a fair trial.  Accordingly, the Appellate Division's decision denying Petitioner's claim of prosecutorial misconduct was neither contrary to, nor an unreasonable application of federal law, and Petitioner's habeas claim must be denied.

### 6.    Harsh and Excessive Sentence

Petitioner contends, as he did on direct appeal, that his sentence is harsh and excessive.  The Second Circuit has explained, however, that there is no federal habeas issue where a sentence is within in the range prescribed by state law.  White v. Keane, 969 F.2d 1381, 1383 (2d Cir. 1992).  Here, because each of Petitioner's sentences is within the

proper sentencing range provided for under New York Penal Law Article 60, there is no federal constitutional issue. Accordingly, Petitioner's habeas claim that his sentence is harsh and excessive must be denied.

### 7.    State Law and Evidentiary Claims

Petitioner's remaining habeas claims concern issues of state law. (Pet. Mem. at 6-8, 13-14, 19-22). Rulings based on state law do not present a federal question upon which habeas relief can be granted. Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S.Ct. 475, 480, 116 L. Ed. 2d 385 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"). To prevail on a habeas claim based on an state law ruling, a petitioner must show "that the error was so pervasive as to have denied him a fundamentally fair trial." Collins v. Scully, 755 F.2d 16, 18 (2d Cir. 1985).

Petitioner contends that the trial court erred in admitting Petitioner's statement, in which he told medical personnel on the night of his arrest that he could not remember anything. The Appellate Division rejected this claim, because the prosecution did not introduce Petitioner's statement, rather, Petitioner introduced his statement to support the defense that he lacked the mental capacity to form criminal intent the night he was arrested. Accordingly, this Court finds that the Appellate Division's decision denying Petitioner's claim was neither contrary to, nor an unreasonable application of federal law, and Petitioner's habeas claim must be denied.

Petitioner next contends that the trial court erred in admitting evidence that he had threatened Jeannette Wood. The Appellate Division found that Petitioner had failed to preserve this issue by objecting at trial. As discussed above, New York's contemporaneous objection requirement is an adequate and independent state ground that

18

will bar federal habeas review.  Accordingly, Petitioner's claim that the trial court erred in admitting evidence that he threatened Jeanette Wood must be denied.

Petitioner further argues that the trial court abused its discretion by denying his request at trial to recall defense witness Dennis Beers to testify about powder burns and bullet trajectories.  Dennis Beers first testified at the outset of the defense case.  After a three-and-a-half month adjournment, the trial resumed so that the defense could present the testimony of Dr. Barry and Petitioner.  Under New York law, it is proper for a trial court to *deny* a motion to recall a witness when the party has already had a full and fair opportunity to illicit the information at issue.  People v. Taylor, 231 A.D.2d 945, 945 (4th Dept. 1996).  Because Petitioner had a "full and fair" opportunity to offer the testimony of Dennis Beers, this Court finds that there was no error that deprived Petitioner of the right to a fair trial.  Accordingly, his claim that the trial court erred in denying his request to recall Dennis Beers must be denied.

Petitioner finally contends that the trial court abused its discretion in allowing the People to present rebuttal evidence through the testimony of David Cole.  The New York Court of Appeals has explained that "[Criminal Procedure Law] § 260.30 (7) vests the trial court with discretion to act as the gatekeeper of rebuttal requests."  People v. Harris, 98 N.Y.2d 452, 490 (2002).  This Court finds that Petitioner has failed to show that the trial court erred, or that this alleged error deprived Petitioner of the right to a fair trial.

Petitioner's remaining habeas claims are therefore denied, as he has failed to demonstrate error so pervasive as to have denied him of a fair trial.

**IV. CONCLUSION**

For the foregoing reasons, this Court finds that Petitioner's petition for a writ of habeas corpus should be denied.

**V. ORDERS**

IT HEREBY IS ORDERED that Robert L. Wegman's Petition for a Writ of Habeas Corpus (Docket No. 1) is DENIED.

FURTHER, that the Clerk of the Court shall take the necessary steps to close this case.

SO ORDERED.


Dated:   September 23, 2007
            Buffalo, New York

                                                    /s/William M. Skretny
                                                   WILLIAM M. SKRETNY
                                                   United States District Judge

20